**AMERICAN INSURANCE COMPANY, Agricultural Insurance Company of Watertown, New York, and Niagara Fire Insurance Company, Appellants,**

v.

**TREASURER, SCHOOL DISTRICT NO. 37, McCURTAIN, OKLAHOMA,**
Appellee.

**No. 6168.**

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1959.

758

Walter D. Hanson, Oklahoma City, Okl. (William L. Peterson, Jr., Oklahoma City, Okl., was with him on the brief), for appellants.

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., were with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

On April 2, 1957, a tornado struck and partially destroyed a school building owned and operated by the respondent School District and insured against windstorm damage through the appellant insurance companies. In a suit by the School District to recover the amount of loss so occasioned, the trial court rejected as irrelevant evidence proffered by the insurance companies to the effect that the School District intended to abandon the building for school purposes and to arrange for the demolition of the building in its entirety. The correctness of this ruling is the only question submitted on appeal.

Evidence admitted in the case showed that the school building was constructed in the early 1900s; that the School District had sought and obtained federal assistance for the construction of a new building upon the representation of need and the assertion that the existing building was inadequate and hazardous; that on the date of loss a new building was in the process of construction but not completed; that upon the day prior to the storm the school was in full use and that after the storm churches were used as emergency classrooms; that immediately before the storm the building was in the same condition as when the insurance was issued; and that expert opinion differed as to the cost of restoring the building to such condition, the estimates extending from $6,000 to $38,000. The cause was submitted to a jury who set the recoverable amount of pecuniary loss at $16,346.

The appellant insurance companies offered to show by competent evidence that prior to the date of loss the School District had solicited and received bids as

to the amount wrecking contractors would pay for the building; that it was the intent of the School District to have the building demolished and removed; and that the value of the building for salvage purposes before the storm was between $1,000 and $1,500 and remained approximately the same after the windstorm.[1]

■ We believe the trial court properly excluded appellants' proffered evidence. To allow an insurer to explore the expressed but uncommitted intent of the insured to demolish the insured building would be but to open a field of speculation and conjecture that would cloud the issue of actual loss in a maze of collateral issues. Board of Education of Hancock County v. Hartford Fire Ins. Co., 124 W.Va. 163, 19 S.E.2d 448. Here, the school building was in full and complete use at the date of loss and the insurable interest must be determined at that time. That interest cannot be affected by unascertained and speculative future events. American Home Fire Assur. Co. of New York v. Mid-West Enterprise Co., 10 Cir., 189 F.2d 528. This court has recognized that in a proper case "functional obsolescence" may be considered as an element in determining loss by casualty, First Nat. Ins. Co. of America v. Norton, 10 Cir., 238 F.2d 949, and the trial court admitted evidence in the instant case of the inadequacy of the school building in that regard. But "functional obsolescence" refers to a condition existing at the time

of loss and not to the probable diminution of value at a date subsequent to loss. In McAnarney v. Newark Fire Ins. Co., 247 N.Y. 176, 159 N.E. 902, 56 A.L.R. 1149, the functional obsolescence of a brewery building had apparently become absolute at the time of loss by fire because of the advent of the federal prohibition statutes. The New York court held that statements of the insured relative to the lack of value for any use were proper for consideration as to actual damage. Such is not our case for, inadequate as the school building may have been, it was being used and would have continued to be used had not the windstorm occurred. Under such circumstances it is no concern of the insurance companies that the antiquity of the building might make replacement desirable or necessary at a date subsequent to the date of loss.

We see no conflict between our views and those expressed by the Supreme Court of Oklahoma in National-Ben Franklin Fire Ins. Co. v. Short, 207 Okl. 673, 252 P.2d 495 and Rochester American Ins. Co. v. Short, 207 Okl. 669, 252 P.2d 490, 491.

In the cited cases the Oklahoma court describes the recoverable loss for a building totally destroyed by fire as the "actual cash value" of the building at the date of loss. But the phrase "actual cash value" as so used means neither market value nor salvage value but is clearly used in an unrestricted and broad sense. In the Rochester case the syllabus

1. The offer of proof probably was to the effect that the value of the building decreased after the storm but it seems contradictory. The record states:

"Defendants also offer to prove that the value of this building for salvage purposes before the wind storm would have been between $1,000 and $1,500; that some of the witnesses who were interested in wrecking the building would testify that the wind storm would not affect the value, others would testify that the wind storm damage would have made the demolition of the building slightly more expensive because of additional hazard probably not to exceed an additional $500.00.

\* \* \* \* \*

"The defendants further in response to [t]his honorable Court having sustained the plaintiff's objection to the defendants offering certain evidence as to salvage by values, would if they were permitted, said defendants would prove by the following witnesses, B. L. Wilcox, George M. Lamke, and John L. Dye, that they inspected the building before the wind storm in question and after the wind storm in question, within a few weeks before and after, and that the value of this building to them before the storm was $1,000 and after the storm $1,500, the difference being the added hazard of demolishing the building after it had been damaged by the storm.

by the court states, 252 P.2d at page 491:

"2. As a general rule, the actual cash value of a building at the time of destruction by fire is determined by many factors in order to effectuate complete and proper indemnity. The cost of reproduction, the age of the building, the condition in which it has been maintained, all facts and circumstances which would logically enable the trier of such facts to determine a correct estimate of the loss are proper yardsticks to be used in order to arrive at the value of the insured property as it stood on the day of the fire."

The elements of value determinative of loss were all properly considered in the instant case and the judgment of the trial court is accordingly affirmed.